IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AARON M. KIHN, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 8:18-cv-02619-PX |
| CAROLYN N. VAVALA | * | |
| Defendant. | * | |
| | *** | |

MEMORANDUM OPINION

Pending before the Court are pro se Defendant Carolyn N. Vavala's Motion to Vacate Order of Default and Plaintiff Aaron M. Kihn's Motion to Strike Defendant's Filing Entitled "Answer." ECF Nos. 9, 11. For the following reasons, Defendant's Motion to Vacate is GRANTED and Plaintiff's Motion to Strike is GRANTED but with leave for Defendant to file an amended Answer that conforms with the federal and local rules of civil procedure.

I. Background

For years, Jessica S. Kihn and Anthony Del Grosso have been engaged in custody disputes concerning their young daughter. ECF No. 1 ¶ 1. Jessica Kihn is married to Plaintiff Aaron M. Kihn, a Staff Sergeant ("SSgt.") in the United States Air Force stationed at Joint Base Andrews in Prince George's County, Maryland. *Id.* Defendant Carolyn M. Vavala is Anthony Del Grosso's mother. *Id.*

While the custody dispute was pending in the Circuit Court for Charles County, Vavala emailed SSgt. Kihn's United States Air Force superior officer accusing SSgt. Kihn of inappropriate behavior with her granddaughter. *Id.* ¶ 2. Vavala's email also alleged Jessica Kihn faced "5 contempt charges." *Id.* SSgt. Kihn avers the contents of Vavala's email were false.

The email was circulated through SSgt. Kihn's military chain of command, and the Air

Force Office of Special Investigations (Criminal) and Joint Base Andrews Family Advocacy Center launched an investigation as a result. The investigation delayed SSgt. Kihn's scheduled transfer. *Id.* Although the investigation concluded SSgt. Kihn committed no wrongdoing, Vavala's claims nonetheless did damage. According to SSgt. Kihn, he has suffered personal anguish, public humiliation, harm to character and reputation, a loss of standing in the United States Air Force and community, and diminished promotion opportunities which have reduced his prospective earning capacity. *Id.* ¶¶ 23, 24, 29.

On August 23, 2018, SSgt. Kihn brought this action against Vavala for defamation and invasion of privacy-false light. *Id.* ¶¶ 8, 9, 24, 29. A summons was issued on August 27, 2018 (ECF No. 5), and Vavala was served September 26, 2018. ECF No. 6. Vavala's response to SSgt. Kihn's Complaint was due on October 17, 2018. *Id.* After Vavala failed to respond timely,[1] the Clerk of the Court entered default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure on February 7, 2019. ECF No. 7. On March 6, 2019, Vavala moved to vacate the Clerk's entry of default, attaching an Answer as an exhibit to her motion. ECF Nos. 9, 9-2. SSgt. Kihn then moved to strike Vavala's Answer on March 27, 2019. ECF No. 11.

## II. Motion to Vacate Entry of Default

### A. Standard of Review

A court may "set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The United States Court of Appeals for the Fourth Circuit has announced a "strong policy that cases be decided on their merits." *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993). Therefore, a motion to vacate default must be "liberally construed in order to provide

---

[1] In her Motion to Vacate, Vavala alleges she sent her Answer to SSgt. Kihn and his counsel within the appropriate timeframe, supporting this assertion with United Parcel Service ("UPS") receipts. ECF No. 9 ¶ 1. Vavala, however, did not file her Answer with the Court in a timely manner. ECF No. 9 ¶ 2. Instead, she filed her Answer for the first time as an exhibit to her Motion to Vacate months after the deadline. ECF No. 9-2.

2

relief from the onerous consequences of defaults and default judgments." *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969). "Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Id.* The moving party "should proffer evidence that would permit a finding for the defaulting party." *Russell v. Krowne*, No. DKC 08-2468, 2013 WL 66620, at *2 (D. Md. Jan. 3, 2013).

In determining whether to set aside an entry of default, the Court considers if the movant has a meritorious defense, acted with reasonable promptness, and bears personal responsibility for the entry of default. *See Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 203 (4th Cir. 2006). The Court also must consider if the delay of proceedings caused any prejudice to the non-moving party, any history of dilatory action, and the availability of lesser sanctions short of default judgment. *See id.*; *see also Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010). With these factors in mind, the Court turns to Vavala's motion.

### B. Discussion

SSgt. Kihn does not allege Vavala had a history of dilatory action or that this delay prejudiced him. Accordingly, the Court focuses on whether Vavala has stated a meritorious defense and her professed reasons for the delay. *See Russell*, 2013 WL 66620, at *3 (stating that the party not in default must offer specific ways it was harmed to allege prejudice).

A meritorious defense must be more than a conclusory statement of fact and must "permit a finding for the defaulting party." *See Russell*, 2013 WL 66620, at *3; *see also Wainright's Vacations, LLC v. Pan Am. Airways Corp.*, 130 F. Supp. 2d 712, 718 (D. Md. 2001) ("Although conclusive proof is not required, neither is a 'bare allegation of a meritorious defense' sufficient.") (quoting *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d

3

249, 252 (4th Cir. 1967)).

Vavala not only raises the possibility of meritorious defenses to SSgt. Kihn's allegations, she also supports them with underlying facts. *See* ECF No. 9-2 ¶¶ 2–3, 6, 13, 17, 19, 21, 27–29; *see also Russell*, 2013 WL 66620, at *3 (granting a motion to vacate entry of default filed by companies that provided factual support for four meritorious defenses). The Answer contests venue, and maintains the events giving rise to SSgt. Kihn's Complaint occurred in Delaware, Virginia, and Baltimore. *See* ECF No. 9-2 ¶ 6. The Answer also disputes that the email included false statements and instead contends that the email was misquoted. *See id.* ¶¶ 2–3, 13, 17, 19, 21, 27–29. The Answer further defends on the truthfulness of the claims made in the email and lack of intent on disseminating the email beyond one officer. *See id.* ¶¶ 15, 21, 28–29. Finally, the Answer contests that SSgt. Kihn was harmed by Vavala's email. *See id.* ¶¶ 22–24, 30. Because Vavala has established the existence of meritorious defenses, the first factor tilts in her favor.

Next, the Court notes that Vavala sought to remedy her deficiency shortly after the Clerk entered default on February 7, 2019. ECF No. 7. About a month later, and before SSgt. Kihn moved for default judgment, Vavala moved to vacate the entry of default. ECF No. 9. Vavala's promptness, especially given that she is pro se, inures to her benefit in this analysis. *See Commerce & Indus. Ins. Co. v. WMS Sols., LLC*, No. TDC M-1182, 2015 WL 1439519, at *3–4 (D. Md. Mar. 26, 2015) (granting a motion to vacate entry of default filed ten days after notice of default); *Colleton*, 616 F.3d at 418 (nine days); *but see Consol. Masonry*, 383 F.2d at 251 (denying a motion to vacate entry of default filed two and a half months after notice of default). In fact, Vavala complied with the Clerk's notice informing her that she must move to vacate the

entry of default within 30 days, so this factor cuts in her favor. *See* ECF No. 8.

Finally, Vavala has offered a rational explanation for her failure to file with the Court a timely answer. In contrast to the standard applicable when moving under Rule 60(b) to vacate entry of default judgment, moving under Rule 55(c) to vacate the Clerk's entry of default does not require a finding of excusable delay. *See Wainright's Vacations*, 130 F. Supp. 2d at 718. Rather, courts look to whether the defaulting party offers a rational explanation for the default, and if so, the Court will excuse the delay of answer unless the defaulting party acted in bad faith. *Russell*, 2013 WL 66620, at *3 (citing *Mezu v. Morgan State Univ.*, No. 09-2855, 2010 WL 1068063, at *6 (D. Md. Mar. 18, 2010)); *see also Colleton*, 616 F.3d at 419–20 (granting a motion to vacate where the movant provided a rational explanation for default).

Vavala asserts that because she is not well versed in the law, she did not realize that she had to serve her Answer with the Court. ECF No. 9 ¶ 2. Although SSgt. Kihn is correct that our Court's Local Rules and the federal rules are widely available, and the Summons explained to Vavala how to answer the Complaint properly (*see* ECF Nos. 6, 10 ¶ 4(a)–(e)), this Court grants Vavala the grace accorded many pro se parties. Thus, while Vavala "may have been somewhat at fault" for her failure to timely respond to the Complaint, this fact alone not mandate denial of her motion. *Wainright's Vacations*, 130 F. Supp. 2d at 719. Vavala's motion to vacate the Clerk's entry of default is therefore granted.

### III. Motion to Strike

SSgt. Kihn moves to strike Vavala's Answer, averring that Vavala violated the certificate of service requirement and failed to conform with federal pleading standards.[2] "Pro se

---

[2] Federal Rules of Civil Procedure 5(d)(1) and Local Rule 102.1(c) both require that court documents filed after the original complaint include a signed certificate of service, affirming that service has been made on the opposing party pursuant to Federal Rule of Civil Procedure 5(a). Valvala failed to comply with these rules.

pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers." *Eccleston v. Prince George's Cty.*, No. DKC 15-3871, 2017 WL 430384, at *1 (D. Md. Feb. 1, 2017) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). With regard to Vavala's failure to include a certificate of service, Vavala did supply the Court her Answer attached to the Motion to Vacate and included the UPS receipts which reflect when SSgt. Kihn and his counsel received the Answer. See ECF No. 9 ¶ 2; ECF No. 9-2. In this respect, the failure to attach the certificate can and should be remedied. *Cf. Moore v. Lightstorm Entm't*, No. RWT-11-3644, 2016 WL 6822557, at *1–2 (D. Md. Nov. 18, 2016) (allowing a party that was not proceeding pro se ten days to remedy a technical procedural violation in the certificate of service by providing FedEx receipts with a supporting affidavit or by providing the opposing party's admission of receipt). Accordingly, SSgt. Kihn's Motion to Strike because the Answer lacked a certificate of service is granted. However, the Court will allow Vavala an opportunity to amend her Answer within the next 21 days to remedy her technical violation of Federal Rule of Civil Procedure 5(d)(1) and Local Rule 102.1(c). This can be accomplished by providing postal or parcel service receipts with a supporting affidavit or by providing the opposing party's admission of receipt.

SSgt. Kihn also contends that the substance of Vavala's Answer is insufficient because the Answer is not set out in "short and plain terms" (ECF No. 11 ¶ 3 (quoting Fed. R. Civ. P. 8(b)(1)(A))), and "contains redundant, immaterial, impertinent as well as scurrilous matter" in violation of Federal Rule of Civil Procedure 12(f). ECF No. 11 ¶ 3. Based on these pleading deficiencies, SSgt. Kihn urges the Court to strike the Answer.

The Court first notes that although it may strike a pleading pursuant to Rule 12(f)(1), it should do so only in extreme circumstances, where no remedy short of striking is sufficient. *See*

*Allen Corp. of Am., Inc. v. Zayas*, No. TDC-14-3719, 2015 WL 13612402, at *1–3 (D. Md. July 24, 2015). To determine the propriety of striking the pleading, the Court must consider the "pleading under attack in a light most favorable to the pleader." *See Kennedy v. Lendmark Fin. Servs.*, No. RDB-10-02667, 2011 WL 4351534, at *5 (D. Md. Sept. 15, 2011) (internal quotations and citation omitted).

The Answer, viewed most favorably to Vavala, is sufficient. The Answer includes specific facts to support her defenses. *See* ECF No. 9-2 ¶¶ 17–30; *see also Hammer v. Peninsula Poultry Equip. Co.*, No. RBD-12-1139, 2013 WL 97398, at *6 (D. Md. Jan. 8, 2013) (allowing defendants leave to amend pleadings so affirmative defenses containing only conclusory statements could be supported by facts). Further, the Court does not view the Answer as fatally redundant or confusing. *See* ECF No. 11 ¶ 3. While not a model of clarity, the Answer follows an itemized structure, and is repetitious only in answering similarly worded provisions in SSgt. Kihn's Complaint. Finally, the Answer asserts defenses which bear significant relation to the controversy. *See* ECF No. 9-2; *see also Garner v. Stoney River Legendary Steaks*, No. DKC 14-1574, 2015 WL 570419, at *1 n.2 (D. Md. Feb. 10, 2015) (denying a 12(f) motion to strike because the movant could not point to any specific allegations in a pro se litigant's complaint that were redundant, immaterial, impertinent, or scandalous); *Schultz v. Braga*, 290 F. Supp. 2d 637, 655 (D. Md. 2003) (denying a party's 12(f) motion to strike portions of the complaint because the allegations met a standard of minimum relation to the controversy and the provisions did not prejudice either party). The Court denies the motion to strike on this basis.

**IV.    Conclusion**

Based on the foregoing, Defendant Carolyn N. Vavala's Motion to Vacate Order of Default is GRANTED. ECF No. 9. Plaintiff SSgt. Aaron S. Kihn's Motion to Strike is

GRANTED. ECF No. 11. Vavala shall have 21 days to amend her Answer to comply with the certificate of service requirement of Federal Rule of Civil Procedure 5(d)(1) and Local Rule 102.1(c). This can be accomplished by providing postal or parcel service receipts with a supporting affidavit or by providing the opposing party's admission of receipt. A separate Order follows.

\_\_6/14/2019_____ _____/S/_____
Date                                                                                    Paula Xinis
                                                                                        United States District Judge